EDWARD ADAMS, Plaintiff, *v.* JOSEPH GARZILLO and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District, May 3, 1935.

*Lee C. Rothstein,* for the plaintiff.

*Samuel H. Goldman,* for the defendant.

EDER, J.   The defendant Edward Apstein is a member of the bar of the State of New York and was substituted as attorney for the defendant Garzillo in the place and stead of Emanuel Hayt in an action brought by Garzillo to recover damages for personal injuries sustained by him.

The plaintiff is a duly licensed physician who was engaged by Garzillo to treat him for the injuries which he received, and there is no dispute that Garzillo agreed to pay him for his services the sum of $300.   Garzillo, who was desirous of having the plaintiff paid, wrote the defendant Apstein, specifically, unconditionally and unqualifiedly authorizing him to retain out of any money received by him by settlement or otherwise, the said sum of $300, and further stating: " you are further authorized to pay the said sum to Dr. Adams on my behalf."

The defendant Apstein wrote to Mr. Hayt inclosing " authorizations by the plaintiff for me to retain out of any recovery the sums

stipulated for medical and other expenses. In accordance with said authorization I shall retain the said sums and see that the terms of our arrangement are carried out."

The action was settled. The defendant Apstein failed, however, to pay to the plaintiff said sum of $300, which he received, and is now sued therefor. He interposed no evidence, resting on the plaintiff's case.

The authorization of Garzillo to the defendant Apstein constituted an assignment to the plaintiff of this sum of $300. While not couched in legal phraseology or form, it is well settled that no particular mode or form (in the absence of statute) is necessary to effect a valid assignment and any acts or words are sufficient which show an intention of transferring or appropriating the owner's interest. (5 C. J. 897, § 61.) "I hereby authorize you to pay" has been so held. (5 C. J. 898, n. [a].)

Defendant Apstein's main contention to escape liability seems to be that he did not make what he terms a "legally binding promise." The defense comes with ill-grace, for the defendant pointedly agreed to carry out the terms of the authorization of Garzillo to pay the plaintiff, and his attempt to escape liability should not be encouraged.

Title to this money, under the assignment, or, if I may be permitted to so describe it, the "authorization-assignment," clearly vested in the plaintiff, and the defendant has introduced no evidence or claim to justify his failure and refusal to pay it to the plaintiff. He is legally obligated to pay it over to the plaintiff whether he made a "legally binding promise" or not.

Where one receives money to which another is entitled, he incurs a legal obligation to pay it over, and this obligation is created by law. (*Miller* v. *Schloss*, 218 N. Y. 400; *People ex rel. Dusenbury* v. *Speir*, 77 id. 144.)

It seems to me to be quite immaterial as respects plaintiff's right to recover whether the defendant's written promise to do so is or is not a "legally binding promise." It is enough that the law imposes the obligation upon him.

Moreover, the relationship of attorney and client is one where the attorney is under a duty to obey the instructions of his client. The cause of action belongs to the client and not to the attorney; so do the proceeds thereof, the attorney having but a lien thereon for his services.

When Garzillo instructed the defendant Apstein, as his attorney, to pay this sum to the plaintiff, he should have done so. Ordinarily, Garzillo, the client, might maintain an action against him for conversion, or a summary proceeding to compel him to return this

money. But here, by virtue of the " authorization-assignment " he parted with the title to it and plaintiff became entitled to the sum. In no event may the defendant Apstein retain this money.

When Garzillo assigned this sum of money to the plaintiff, from any moneys coming into the hands of the defendant Apstein, by recovery or settlement of the law suit, plaintiff, as stated, became entitled to the same. Defendant Apstein, by his own letter, agreed to pay it, and, by operation of law, there arose a quasi-contract on his part to do so. Quasi-contractual obligations are obligations created by law and are based on the theory ·that where a person is in possession of money, or its equivalent, belonging to another, the law will create a contract to restore the same to its rightful owner, although no such contract was, in fact, made or intended by the parties concerned. (*Miller* v. *Schloss, supra.*) On the second cause of action plaintiff is entitled to recover. Judgment for plaintiff for $300.